[No. 11459.  Department One. — December 10, 1888.]

## H. H. GARDNER, RESPONDENT, v. H. L. TATUM ET AL., APPELLANTS.

ENTRY OF JUDGMENT — NEGLECT FOR SIX MONTHS — DISMISSAL. — The provision of section 581 of the Code of Civil Procedure, that an action may be dismissed "when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months," does not apply to existing verdicts, unless there was six months' neglect after the act took effect.

ID. — NEGLIGENCE OF THE CLERK IS NOT NEGLIGENCE OF THE PARTY — INSTANCE. — The provision requires that the party shall have been guilty of negligence. Where he has requested the clerk to make the entry, and has paid the fees therefor, and the clerk has promised to make the entry, and the party supposes that it has been made, he has not been guilty of negligence within the meaning of the provision, although he did not enter his request in the "order-book," as was customary but not required by law.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to dismiss the action.

The facts are stated in the opinion.

*Langhorne & Miller*, for Appellants.

*S. G. Hilborn* and, *J. F. Wendell*, for Respondent.

HAYNE, C.—Appeal from an order refusing to dismiss an action. The case was tried and a verdict rendered for the plaintiff on April 7, 1885. No judgment was entered thereon, and after the expiration of six months from the entry of the verdict the defendant moved to dismiss the action under subdivision 6 of section 581 of the Code of Civil Procedure, as amended in 1885, which provides that "an action may be dismissed,— .... 6. By the court when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months."

Assuming in favor of the appellant that the order is appealable, we think the refusal to dismiss was right, for the following reasons:—

1. It is conceded that the amendment did not take effect until May 9, 1885, and the motion was noticed for November 6th of the same year. Consequently six months had not elapsed between the time of the taking effect of the act and the time the motion was made. And we think that the intention of the legislature must have been that the provision should not apply to existing verdicts unless there was six months' neglect after the taking effect of the act. It could never have been the intention to make the provision apply to cases where the six months had already expired when the act took effect. Nor do we think it could have been intended to make the provision apply where five months and twenty-nine days of the six months had expired when the act

took effect. And we see nothing which would enable us to say that the expiration of only half or a third or a quarter of the period would present a different case. The act, therefore, does not apply to the case presented to the court below.

2. But if it were otherwise, we nevertheless think that the refusal to dismiss the action was proper under the circumstances. The rule established by the statute applies to cases where the party has been guilty of negligence. The language is, that the dismissal may be had where "the party entitled to judgment *neglects* to demand and have the same entered." It cannot be supposed that the words "have the same entered" look to any compulsion by the party upon the clerk in case he should refuse to do his duty; for it would not be impossible that if the question should be litigated, the litigation over it might be protracted beyond the six months. The phraseology of the provision can only be held to mean that if there has been negligence on the part of the prevailing party for six months, the action may be dismissed. And in this case it appears that the party cannot be accused of negligence. He paid the clerk his fees for the entry of judgment and requested him to enter it, and "understood from said clerk that said judgment would be entered as requested by him," and "always supposed that judgment had been entered as requested by him, and had no intimation that the same had not been done until the service of the notice of the motion to dismiss." Upon this state of facts, to dismiss the action would be to make the litigant suffer for the negligence of the officer.

It is true that the order to enter the judgment was verbal, and that the clerk kept an order-book, "in which all demands for entry of judgments are required by him to be given and made in writing," and that it was customary so to make them. But this book was not required by law to be kept. It was kept merely for the

convenience of the clerk.  And when he accepts his fees for entering the judgment, and promises to enter it, it is his duty to do so without reference to the order-book. If the plaintiff was guilty of any negligence in relying on the promise of the clerk, it was of such a slight character as not to bring him within the scope of the provision.

We therefore advise that the order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.

WORKS, J., concurring. — I concur in the judgment on the second ground stated in the foregoing opinion, but do not wish to be understood as agreeing to the first proposition laid down therein.