## JONES v. CHALFANT et al.

### No. 14,290; November 1, 1892.

#### 31 Pac. 257.

**Ejectment — Instruction on Evidence.**—In ejectment, plaintiff showed title by patent from the government, and defendant's title was a sheriff's deed on foreclosure of a mortgage given by plaintiff prior to receiving his patent. Plaintiff did not attack the foreclosure proceedings, nor object to their admission in evidence. In instructing the jury, after stating the evidence, the court directed a verdict for defendant, "if these facts all appear" as stated. Held, that by thus instructing the jury there was no violation of the constitution, article 6, section 19, which provides that "judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." [1]

**Dismissal and Nonsuit—Demand for Entry of Judgment.**—Code of Civil Procedure, section 581, provides that an action may be dismissed, or judgment of nonsuit entered, "when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months." Held, that where defendant, on receiving a verdict, prepared a draft of judgment, and

---

[1] Cited and approved in Gately v. Campbell, 124 Cal. 523, 57 Pac. 567, where the court goes even further, saying: "In a case where there is no conflict of testimony and the plaintiff could not recover under the facts as shown by the testimony, the judge could even instruct the jury what their verdict should be."

requested the clerk to make the entry, the verdict should not be dismissed, though the clerk neglected for more than six months to enter the same.

APPEAL from Superior Court, Mendocino County; R. McGarvey, Judge.

Ejectment by David Jones against John E. Chalfant and others. Defendants had judgment, and plaintiff appeals. Affirmed.

Thomas H. Bond for appellant; T. L. Carothers for respondents.

BELCHER, C.—This is an action of ejectment to recover possession of one hundred and sixty acres of land in Mendocino county. The case was tried before a jury on June 15, 1889, and on that day a verdict was returned and entered in favor of the defendants. Immediately after the entry of the verdict, the defendant's attorney prepared the draft of a judgment, and handed it to the clerk of the court, with a request that he enter the same. The court did not order the case to be reserved for argument or further consideration, or grant a stay of proceedings, but the clerk failed to enter the judgment until September 12, 1890. The plaintiff moved for a new trial on a prepared statement of the case, and his motion was denied on April 26, 1890. On September 3, 1890, the plaintiff gave notice to defendants that he would move the court to set aside the verdict and decision on the ground that no judgment had been entered in the case, and defendants had neglected to demand and have judgment entered therein for more than six months after they were entitled thereto. This motion was heard by the court, and denied, on September 12, 1890, and an order was then made directing the clerk to enter the judgment, and he accordingly did enter it on the same day; to all of which the plaintiff duly excepted. The plaintiff appeals from the judgment and from the order denying his motion to set aside the verdict.

The facts shown by the bill of exceptions are, in substance, as follows: The plaintiff, to show title in himself, introduced in evidence a patent from the United States, granting to him the demanded premises, dated April 9, 1881. The defendants

then, to show that the title had passed from the plaintiff, and was vested in one of themselves, introduced evidence showing that the plaintiff and his wife mortgaged the land described in the patent to one Aaron Chalfant, to secure payment of a promissory note, on July 23,.1874; that the mortgage contained the words "grant, bargain, and sell"; that the note and the mortgage were duly assigned by Aaron Chalfant to John E. Chalfant, one of the defendants; that afterward the mortgage was duly foreclosed by John E. Chalfant, and, under an order of sale issued in pursuance of the decree, the property was sold to him by the sheriff of the county; that there was no redemption from the sale, and afterward, on March 20, 1883, the sheriff executed and delivered to the purchaser his deed of the property; and it was admitted that under a writ of assistance issued in the foreclosure case the plaintiff was ejected from the land by the sheriff. Upon these facts the case was submitted. The plaintiff requested the court to give to the jury a certain instruction, which it refused, and said: "I shall instruct this jury to find for the defendants." The court then stated the evidence to the jury, and concluded by saying: "If these facts all appear to your minds as I have stated them, then your verdict will be for the defendants in this case. Swear an officer. You need not retire unless you want to appoint one of your members foreman."

1. Appellant contends that the court, by its instructions, violated section 19 of article 6 of the constitution, and for that reason the judgment should be reversed. The section referred to provides: "Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." There is nothing in the record to show that the plaintiff in the court below objected to the foreclosure proceedings, or in any way attacked their regularity, or asserted their insufficiency to pass the title to the property to the purchaser. Nor is there here any such objection. It is true that the mortgage antedated the patent, but it purported to mortgage the property in fee, and in such case it is well settled that the after-acquired title inures to the benefit of the mortgagee: Civ. Code, sec. 2930; Clark v. Baker, 14 Cal. 612, 76 Am. Dec. 449; Kirkaldie v. Larrabee, 31 Cal. 455, 89 Am. Dec. 205; Christy v. Dana, 42 Cal. 174; Vallejo Land Assn. v. Viera, 48 Cal. 572; Camp v. Grider, 62 Cal. 20; Orr v. Stewart,

67 Cal. 275, 7 Pac. 693.   Under these circumstances, there was nothing to be determined in the case except a question of law, and the court was justified in telling the jury what the verdict should be.

2. The appellant also contends that the court erred in not granting his motion to set aside the verdict.   Section 581 of the Code of Civil Procedure provides: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: . . . . (6) By the court, when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months."   The plaintiff's motion was not a motion to dismiss the action, but, in effect, was a second motion for new trial.   But, conceding that the motion might be made under the provision of the code above quoted and relied upon, still that provision is not mandatory, and does not confer an absolute right to the dismissal: Rosenthal v. McMann, 93 Cal. 505, 29 Pac. 121.   The defendants did not neglect to demand that the judgment be entered in proper time; and, while it does not appear that they paid or tendered to the clerk the fee for the entry, it does not appear that they did not do so.   In view of the action of the court, it will be presumed, therefore, that the failure to enter the judgment was the result of the negligence of the clerk, and not of the defendants.   It follows that the judgment and order should be affirmed, and we so advise.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.