[S. F. No. 888. Department One.—February 4, 1898.]

## MARION J. McDONALD, Appellant, v. SOPHIA G. CUTTER, Administratrix, etc., Respondent.

ACTION BY ASSIGNEE IN INSOLVENCY TO SET ASIDE TRANSFER—EVIDENCE—DEPOSITION OF INSOLVENT IN PRIOR ACTION TO FORECLOSE LIEN—SUBSEQUENT INTERVENTION OF DEFENDANT—PAYMENT—SUBROGATION.—In an action by an assignee in insolvency brought against a transferee of the insolvent to set aside the transfer and recover the property transferred, a deposition of the insolvent taken in a prior action brought against the insolvent debtor by a third party to foreclose a lien on the same property is inadmissible; and it is not rendered admissible because the transferee intervened in such action subsequently to the taking of the deposition, and paid off and extinguished the amount of the lien for his own protection, there being no subrogation or privity thereby created between the transferee and the holder of the lien.

ID.—REAL PARTIES IN INTEREST NOT OF RECORD—LIMITS OF RULE.—The rule that the court may look beyond the record to ascertain who are real parties in interest not of record applies only to a person who voluntarily undertakes in whole or in part the prosecution or defense of an action between other parties in protection of his own interest, or in pursuance of some obligation which he has incurred, and does not apply to one, whatever his interest, who has not in any way aided or intermeddled in the action prior to the filing of a complaint for intervention, except by procuring a dismissal from the plaintiff, for the protection of his interest.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. D. J. Murphy, Judge.

The facts are stated in the opinion of the court.

Edward Lynch, and Walter J. Bonta, for Appellant.

C. W. Cross, for Respondent.

VAN FLEET, J.—The controversy in this action relates to the ownership of certain bonds of the city of Placerville and of a judgment against the city on those bonds. The plaintiff claims title under a sale made by the assignee in insolvency of one Meyers. The respondent claims title under a transfer by Meyers to her testator, Robinson, made seven days prior to the filing of the petition in insolvency. Plaintiff claims: 1. That the transfer by

Meyers was not absolute, but merely by way of security; and 2. That it was made in fraud of the insolvency law. As to the first point, the court found that the transfer was absolute, and the finding is supported by the evidence.

As to the second point, there was no sufficient evidence that at the time of the transfer Meyers was insolvent, or in contemplation of insolvency, or that the transferee had any reasonable cause to believe that Meyers was insolvent, or that the transfer was made for any of the purposes forbidden by section 55 of the Insolvent Act of 1880. On the contrary the evidence tended to show that the transfer was *bona fide,* and not within any of the inhibitions of that act. The plaintiff, however, claims that the court erroneously excluded the deposition of Meyers, taken in another action, which was offered by plaintiff for the purpose of proving facts tending to show that the transfer was void under the provisions of the section referred to.

The action in which that deposition was taken was brought by one Melone against Meyers to foreclose a lien held by him on said bonds. In that action, the plaintiff here was substituted as defendant, and filed an answer. Thereafter defendant's testator, Robinson, in protection of his interest, paid the amount of Melone's claim, and obtained from him, and filed in the court a dismissal of the action. No judgment of dismissal, however, was entered. Thereafter the plaintiff here (defendant there), upon notice to the attorneys of plaintiff Melone, took the deposition in question. It does not appear that this deposition was ever filed. After the taking of that deposition Robinson filed a complaint in intervention in that action.

The court excluded this deposition on the ground that when it was taken defendant's testator was not a party to the action in which it was taken. But appellant contends that, by the payment of Melone's claim, Robinson was subrogated to his rights, and thereafter was the real, though not the nominal, plaintiff in that action. We think this transaction did not work any such subrogation, or create any privity between Melone and Robinson. At the time of the payment the latter claimed to be the sole owner of the bonds, and his payment of the amount for which Melone held a lien was made for his own protection, and extinguished the lien. There was, therefore, nothing to which he

could be subrogated. He was, consequently, not in a position to be made a plaintiff without his own consent.

It is true that the court may always look beyond the record to ascertain who are the real parties in an action, and will often regard one who does not appear on the record as a party as really occupying that position. But that rule applies only to a person who voluntarily undertakes, in whole or in part, the prosecution or defense of an action between other parties in protection of his own interest or in pursuance of some obligation which he has incurred. No person, whatever his interest, can be held to be a party unless he has voluntarily undertaken the prosecution or defense or held himself out to the adverse party as so doing. There is no evidence whatever that Robinson in any way intermeddled in the action prior to the filing of his complaint of intervention, except by procuring a dismissal from the plaintiff. We must, therefore, hold that when the deposition was taken he was not a party to that action, and the deposition was properly excluded.

These views make it unnecessary for us to consider the other questions raised at the argument.

The judgment and order appealed from are affirmed.

Harrison, J., and Garoutte, J., concurred.