## McDONALD v. MAYOR ETC. OF CITY OF PLACERVILLE.

S. F. No. 938; December 16, 1898.

55 Pac. 600.

Judgment—Default.—Where Plaintiff Sues on a Judgment, joining as defendants persons claiming adverse rights therein, demanding, in addition to the recovery on the judgment, a determination that the adverse claimants have no interest therein, and judgment is rendered against him on the latter contention, he is not entitled to judgment against the judgment debtor who is in default, under Code of Civil Procedure, section 585, allowing judgment by default in actions arising on contract for the recovery of money only.

APPEAL from Superior Court, City and County of San Francisco.

Action by Marion J. McDonald against the mayor and common council of the city of Placerville. Judgment for defendant and plaintiff appeals. Affirmed.

Edward Lynch and W. G. Bonta for appellant; C. W. Cross for respondent.

PER CURIAM.—The plaintiff sued on a certain judgment against the city of Placerville, averring himself to be the owner of an undivided one-half thereof, and joining as defendants several persons alleged to claim rights in the same adverse to him. The court below held that he had no interest in the judgment, and its decision was affirmed on a former appeal in this case, entitled McDonald v. Cutter, 120 Cal. 44, 52 Pac. 120. The only point made here is that plaintiff should have recovered against the city of Placerville, which suffered default. Plaintiff, however, demanded relief in addition to a recovery of money due on the judgment, viz., a determination that the defendant Cutter has no interest in the same; and this on grounds such that a failure to sustain his case in that particular necessarily defeated it as to all the defendants. He was therefore beyond the provision of the statute allowing judgment by default in actions arising on contract for the recovery of money or damages only: Code Civ. Proc., sec. 585. This appeal seems to us frivolous. The judgment is affirmed.