RULE, APPELLANT, *v.* BUTORI ET AL., RESPONDENTS.

(No. 3,392.)

(Submitted May 29, 1914.   Decided June 16, 1914.)

[141 Pac. 672.]

*Actions—Failure to Enter Judgment—Dismissal—When Error —Discretion.*

Dismissal of Action—Failure to Enter Judgment—Statutes.
   1.   Section 6714, subdivision 6, Revised Codes, mandatory in character, providing that an action may be dismissed when the party entitled to judgment neglects to have it entered for more than six months, requires dismissal of an action, not when the party simply fails (without fault on his part) to act within time, but only when he is guilty of negligence in not acting.
   [As to dismissal or nonsuit regarded as *res adjudicata,* see note in 49 Am. St. Rep. 831.]

Same—Mandatory Statute—Discretion.
   2.   The fact that a statute is mandatory in requiring the district court to do a thing, under certain conditions, in the disposition of a cause, does not deprive it of discretion in determining whether a given case falls within the statute.

Same—When Error.
   3.   Where neither the party entitled to judgment nor his attorney, both of whom were nonresidents, knew that a decision had been rendered until after the expiration of six months, and the clerk of court not only failed in his duty to notify counsel thereof as required by a custom prevailing in his court, which was relied on by the latter, but neglected to obey the court's specific order in that regard, failure to have judgment entered within time was not cause for dismissal of the action under subdivision 6, section 6714, Revised Codes.

*Appeal from District Court, Jefferson County; J. B. Poindexter, Judge.*

ACTION by J. H. Rule against Frank Butori and others. Judgment for plaintiff. From an order dismissing the action because judgment was not entered in time, plaintiff appeals. Reversed.

*Messrs. Walsh, Nolan & Scallon,* for Appellant, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

*Mr. J. L. Wines* and *Mr. T. J. Harrington* submitted a brief in behalf of Respondents.

MR. JUSTICE SANNER delivered the opinion of the court.

On December 10, 1910, it was agreed by counsel that this cause, then pending in the district court of Jefferson county, should be submitted for determination by the court without a jury upon an agreed statement of facts; the agreed statement was thereupon prepared and filed and an order entered granting seventy-four days in all for the filing of briefs; by further agreement of counsel this time was so extended that more than six months elapsed before briefs were filed and the cause actually submitted; on June 12, 1912, the court made findings for the plaintiff and ordered that judgment be entered accordingly; on March 24, 1913, a formal written judgment prepared by plaintiff's counsel was entered by the clerk; notice of entry of such judgment was given forthwith; and on April 12, 1913, defendants filed their motion to set aside the judgment and to dismiss the cause, for the reason that the judgment had not been entered within six months after the submission of the cause or within six months after the filing of the court's decision; this motion came on for hearing, and upon the hearing certain facts were made to appear explanatory of plaintiff's failure to have the judgment entered, but notwithstanding these the court entered an order sustaining the motion, vacating the judgment, and dismissing the action. From that order this appeal is taken.

The foundation of the order in question is, of course, subdivision 6 of section 6714, Revised Codes, which provides as fol-

[1]  lows: "An action may be dismissed:  *  *  *  (6) By the court, when after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months."

Upon the present record but two hypotheses are available in justification of the order: Either (a) the mere lapse of six months after verdict or final submission commands a dismissal of the action without regard to any excusatory showing that may be made, or (b) the showing made was not sufficient.

(a) The provision referred to has been applied by this court on four different occasions: *Franzman* v. *Davies,* 32 Mont. 251, 80 Pac. 251; *State ex rel. Stiefel* v. *District Court,* 37 Mont. 298, 96 Pac. 337; *Pullen* v. *City of Butte,* 45 Mont. 46, 121 Pac. 878; and *State ex rel. Kohl* v. *District Court,* 46 Mont. 348, 128 Pac. 582. Only one of these, however—the *Stiefel Case*—can be claimed as lending any support to the lapse of time theory, and that by virtue of the following language to be found therein: "But we do not concede that this was a matter addressed to the discretion of the trial court. In our opinion, section 1004, subdivision 6, is mandatory.  *  *  *  At the expiration of six months from the time his default was entered, Stiefel had a right to have the action dismissed as against him, for failure of plaintiff to demand and have entered a judgment."

This language is to be considered in connection with the circumstances under which it was uttered, *viz.,* an intentional omission to have the judgment entered. We repeat now that, in the provision referred to, "may" means "must"; and, when a case presented is within this provision, the court has no power to relieve from it, or to say that it shall not be applied. But the [2] fact that a statute is mandatory does not deprive the courts of all judicial faculty to determine whether the case presented is within such statute. Discretion in that sense always exists. What, then, are the circumstances under which the action must be dismissed by the court? They are, not when the party entitled to judgment *fails* to demand and have it entered within six months after submission or verdict, but when he

*neglects* so to do. The choice of the verb "neglects" cannot be regarded as accidental, for it is not the policy of our law that a party shall suffer who is without fault, and the provision appears to have been taken from California, where, prior to its adoption in this state, a fixed construction had been placed upon it with reference to this very word. In *Gardner* v. *Tatum,* 77 Cal. 458, 19 Pac. 879, decided in 1888, the court said: "We nevertheless think that the refusal to dismiss the action was proper under the circumstances. The rule established by the statute applies to cases where the party has been guilty of negligence. * * * If the plaintiff was guilty of any negligence, * * * it was of such a slight character as not to bring him within the scope of the provision." Again, in *Jones* v. *Chalfant,* 3 Cal. Unrep. 585, 31 Pac. 257, decided in 1892: "In view of the action of the court, it will be presumed, therefore, that the failure to enter the judgment was the result of the negligence of the clerk, and not of the defendant. It follows that the judgment and order should be affirmed." And again, in *Marshall* v. *Taylor,* 97 Cal. 422, 32 Pac. 515, decided in 1893: "This section is not mandatory, * * * and, if it were, would not authorize a dismissal of the action under the circumstances shown in this case, because there was no 'neglect' on the part of plaintiff." An intimation of this as the correct construction of the statute was furnished by *Pullen* v. *City of Butte, supra,* in which this court said: "It is not difficult to see why an action should be dismissed when the plaintiff neglects for more than six months to have judgment entered on a verdict in his favor. The reason is that it is the policy of the law to put a speedy end to litigation, and, under such circumstances, a plaintiff may fairly be deemed to have abandoned the fruits of his victory." It goes without saying that an abandonment of the fruits of his victory could not be imputed to one who did not know of his victory and whose failure was unintentional and excusable.

(b) The transcript discloses that the plaintiff resided at Basin [3] and his attorneys at Helena; that, when the decision was

rendered, none of the attorneys for either party were in court; that plaintiff's attorneys were not in the habit of attending court in Jefferson county except when legal matters in which they were concerned were set for consideration, and they were not advised that the cause at bar would be considered or determined by the court on June 12, 1912; that neither party nor any of the attorneys had knowledge or information of the decision, the first intimation thereof secured by the plaintiff or his attorneys coming on March 20, 1913, in response to a communication addressed by plaintiff's attorneys to the judge, asking when the cause would be decided; that plaintiff's attorneys then ascertained from the clerk when such decision had been rendered, and caused the judgment to be entered and notice of such entry to be served upon defendants' counsel; that the service of said notice gave to defendants' counsel their first information that a decision had been rendered in said cause; that a custom prevailed in the district court of Jefferson county, for the clerk, in causes in which counsel were nonresidents and were not in court, to promptly notify counsel by mail of the determination of matters in which they were concerned, and plaintiff's counsel, relying on said custom, expected that, if a decision in said cause was rendered in their absence, such notification would be given them; that, when such decision was rendered, the clerk was expressly directed by the court to notify all the counsel concerned, but the clerk failed to give any notice to any of such counsel notwithstanding such custom and order. We think this showing was sufficient. The custom referred to was part of the orderly procedure of court; by it, as well as by specific order, a duty was imposed upon the clerk. The neglect was his, and through his neglect. all the parties were kept in ignorance of what had been done. The circumstances altogether. fail to warrant the imputation that the plaintiff intended to abandon the fruits of his victory, and a decent respect for the dignity of the court having the cause under advisement excused his delay in making inquiry. He had a right to rely upon the assumption that the clerk would do his duty, and he cannot be charged with

neglect because the clerk failed in that regard. (*Gardner* **v.** *Tatum, supra; Jones* **v.** *Chalfant, supra.*)

The order appealed from is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.