JOYCE, RESPONDENT, *v.* McDONALD ET AL., DEFENDANTS; MORRIS ET AL., DEFENDANTS AND APPELLANTS.

(No. 3,538.)

(Submitted May 15, 1915. Decided June 24, 1915.)

[149 Pac. 953.]

*Water Rights — Judgment — Failure to Enter — Dismissal — Appeal and Error—Orders After Judgment—Record on Appeal—Findings.*

Appeal and Error—Orders After Judgment.
1. An order made after final judgment is only reviewable as such.

Same—Bill of Exceptions—Authentication.
2. A bill of exceptions on motion for new trial not authenticated in any way cannot be considered on appeal.

Same—Record on Appeal—Equity Cases—Presentation of Evidence.
3. In proceedings of an equitable nature the appellant must present all the evidence involving controverted questions of fact in the exact words of the witnesses, not in narrative form.

Same—Findings—Requests—Exceptions.
4. In a cause tried without a jury, the district court cannot be put in error for failure to make findings not requested, nor for defective findings not specifically excepted to.

Water Rights—Judgments—Failure to Enter—Dismissal—When Improper.
5. Where all the parties to a water right suit were equally neglectful in failing to have judgment entered for about eight years after rendition thereof, the trial court properly denied a motion to dismiss, inasmuch as by dismissal the respective rights of the parties settled in said judgment would have been left unsettled and the controversy renewed, contrary to the design of subdivision 6, of section 6714, Revised Codes, under which an action may be dismissed when a party entitled to judgment omits to have the same entered within six months.

*Appeal from District Court, Missoula County; John E. Patterson, Judge.*

SUIT by Patrick Joyce against George McDonald and others. From a decree for plaintiff, defendants David Morris and C. E. Gilbert appealed. Affirmed.

*Mr. Elmer E. Hershey,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Albert Besancon,* for Respondents George and Walter McDonald, submitted a brief and argued the cause orally.

*Mr. Henry C. Stiff,* for Respondent Patrick Joyce, submitted a brief.

MR. JUSTICE SANNER delivered the opinion of the court.

This is a suit to have determined and fixed by decree the respective rights of the parties to the waters of Union creek, Missoula county. It is before us on appeal by two of the defendants, who seek to have reviewed the action of the district court in making certain findings of fact to their prejudice, in omitting to make a certain finding to the interest of defendant David Morris, and in denying their motion to dismiss the proceedings.

The record as presented to us is in a remarkable state. It consists of: (1) Forty-eight pages of judgment-roll, included in which is a bill of exceptions on appellants' motion to dismiss the action; (2) one hundred and forty pages of a so-called "bill of exceptions on motion to substitute testimony by questions and answers, instead of narrative form, in the bill of exceptions heretofore settled and allowed"; (3) two hundred pages of matter entitled "Bill of Exceptions on Motion for a New Trial," which abruptly ends with the legend "Witness excused," without any notation of service, settlement or filing; (4) twenty-five pages of a "bill of exceptions on motion for a new trial" which appears to have been served, settled and

filed.  Copies of the formal papers then follow, and at the close of the whole is the clerk's certificate, which does not mention, identify or in any way explain the presence of that portion of the record referred to as No. 3 above.  It is entirely [1, 2] obvious that the portions of the transcript numbered 2 and 3, above, have no place in the record, and must be ignored—the former because it relates to an order after judgment which is not reviewable on either of these appeals; the latter because it is not authenticated in any way.

The attack upon the findings made and omitted is based upon evidentiary grounds alone, and the only portion of the record pertinent to this is the bill of exceptions on motion for new trial as settled by the trial judge.  It is a brief narrative of that part of the evidence relating to the claims of defendants, and contains just enough to demonstrate the futility of any attempt by this court to determine the rights of all the parties or to place itself as nearly as possible in the position of the trial judge, who saw the witnesses and heard them testify.  In [3] proceedings of an equitable nature appellant must present all the evidence involving controverted questions of fact in the exact words of the witnesses, or suffer a refusal on our part to consider such questions.  (Rule VII, subd. 3 (44 Mont. xxx, 123 Pac. xi) ; *Gilmore* v. *Ostronich,* 48 Mont. 305, 137 Pac. 378; *Koopman* v. *Mansolf,* 51 Mont. 48, 149 Pac. 491.)  This cause, [4] moreover, was tried to the court sitting without a jury, and in such a case the trial court cannot be put in error for failure to make findings not requested (Rev. Codes, sec. 6766), nor for defective findings not specially excepted to (Rev. Codes, sec. 6767).  The record nowhere discloses any request for findings, nor any exceptions to those which were filed.

It thus results that the only question before us is whether [5] error was committed in denying the motion to dismiss. This motion was based upon the failure of respondents to have judgment entered on the findings within six months after they were rendered; and the situation disclosed by the record is, we hope, extraordinary.  The complaint was filed in June,

1905, and the answers, not all of which were filed until 1908, asserted affirmative rights, and demanded that the court fix and determine such rights. Trial was had in December, 1908, before Hon. F. C. Webster, then judge, and the cause was taken under advisement. No findings were filed until January 4, 1913, the eve of Judge Webster's departure from the bench, and no minute entry of their rendition was made. On July 8, 1913, the present appellants filed their motion to dismiss, which motion was met by a formal resistance and cross-motions for judgment, supported by affidavits to the effect that no notice of the findings was given to respondents or their counsel, nor had their counsel any knowledge or information of the fact that findings had been made, until the service of the motion to dismiss. Appellants invoke subdivision 6, section 6714, Revised Codes, which respondents assert cannot be applied under the decision in *Rule* v. *Butori,* 49 Mont. 342, 141 Pac. 672, because they have shown themselves guiltless of neglect. No such special conditions are presented here as were made to appear in the *Butori Case* and we do not think the showing here made is sufficient to absolve the respondents. Indeed, we question whether any showing could be made sufficient to explain or excuse the apparent indifference to the fate of this litigation on the part of every actor in it, extending over a period of approximately eight years. If the cause or the position of the parties were different from what it is, we should unhesitatingly order a dismissal. But suits of this sort are *sui generis;* all the parties to this one sought affirmative relief, and all were found entitled to such relief, the appellants being awarded rights of the dates, if not to the extent, asserted in their answer. They were therefore no less "entitled to judgment" than the respondents; they were equally neglectful in failing to have it entered, and they are not in position to claim the benefit of the statute. The purpose of the statute is to put a speedy end to litigation, and that purpose could not be more emphatically disserved in this case than by its dismissal, leaving

the respective rights of the parties unsettled, and opening the door to a renewal of this controversy, now too long protracted.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied October 7, 1915.