[S. F. No. 257.   Department One.—March 17, 1896.]

## FRANK SHAY, RESPONDENT, v. CHICAGO CLOCK COMPANY, APPELLANT.

JUDGMENT—VACATING DEFAULT—INEXCUSABLE NEGLECT OF CORPORATION—FAILURE OF PRESIDENT TO EMPLOY ATTORNEY.—Where the summons and copy of the complaint were served upon a defendant corporation by delivery thereof to its secretary, who, within five days after the service, delivered the papers to the president, who observed their date, but neglected to inquire when they were served, and instead of delivering them to his attorney, kept them in his possession, waiting for the attorney to come in, until after the default had been entered, the corporation is guilty of inexcusable neglect, and its motion to vacate the default and judgment is properly denied.

ID.—POWER OF CLERK TO ENTER JUDGMENT—ACTION FOR TRESPASS.—The authority of the clerk to enter a judgment by default is limited to actions arising upon contracts for the recovery of money or damage only, and he has no power to enter a judgment by default in an action of damages for a trespass.

APPEAL—AMENDMENT OF JUDGMENT—SUSPENSION OF POWER OF COURT.—Pending an appeal from a judgment, the court in which the judgment was entered has no power to amend or correct it.

ID.—DISMISSAL—DEFECTIVE TRANSCRIPT—UNDERTAKING—FILING CERTIFICATE TO SUPPLY DEFECT—ENTRY IN ANOTHER APPEAL.—An appeal will not be dismissed for a defect in the transcript, in inserting a copy of the undertaking, instead of the certificate required by section 395 of the Code of Civil Procedure, if such certificate is on file at the hearing of the motion to dismiss the appeal; and it is immaterial that the certificate is entered in another appeal taken in the same cause under a different number, to which the certificate also relates, and such certificate will be taken as part of the record in the appeal in which the motion is made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   JOHN HUNT, Judge.

The facts are stated in the opinion of the court.

*George H. Perry, W. W. Allen, Sr.,* and *W. W. Allen, Jr.,* for Appellant.

The court abused its discretion in refusing to vacate the default. (Code Civ. Proc., sec. 473, subd. 4; *Plumber* v. *Brown,* 64 Cal. 430; *Demartin* v. *Albert,* 68 Cal. 277; *Roland* v. *Kreyenhagen,* 13 Cal. 457; *Buell* v. *Emerich,* 85 Cal. 116; *Woodward* v. *Backus,* 20 Cal. 139; *Howe* v. *Independence Co.,* 29 Cal. 74; *Fulweiler* v. *Mining Co.,* 83 Cal. 126; *Watson* v. *San Francisco etc. R. R. Co.,* 41 Cal. 20; *Cameron* v. *Carroll,* 67 Cal. 501; *Dougherty* v. *Nevada Bank,* 68 Cal. 276; *Lodtman* v. *Schluter,* 71 Cal. 94; *Wolff* v. *Canadian Pac. Ry.* 89 Cal. 332; *Reidy* v. *Scott,* 53 Cal. 69; *Dodge* v. *Ridenour,* 62 Cal. 263; *Grady* v. *Donahoo,* 108 Cal. 211.) The judgment being made and entered by the clerk, defendant's motion to set it aside should have been granted. (Code Civ. Proc., sec. 585; *Providence Tool Co.* v. *Prader,* 32 Cal. 634; 91 Am. Dec. 598; *Oliphant* v. *Whitney,* 34 Cal. 25; *People* v. *Weil,* 53 Cal. 253.)

*Edward P. Cole,* for Respondent.

The appeal must be dismissed because of the want of the certificate of the clerk. (Code Civ. Proc., sec. 953; *Connor* v. *Southern Cal. etc. Co.,* 101 Cal. 430; *Henry* v. *Merguire,* 106 Cal. 142.) The want of care shown by the secretary and president of defendant does not warrant this court in disturbing the judicial discretion of the lower court. (*Coleman* v. *Rankin,* 37 Cal. 247; *Bailey* v. *Taaffe,* 29 Cal. 423; *Garner* v. *Erlanger,* 86 Cal. 60; *Elliott* v. *Shaw,* 16 Cal. 378; *Youngman* v. *Tonner,* 82 Cal. 611; *Shearman* v. *Jorgensen,* 106 Cal. 483; *Edwards* v. *McKay,* 73 Ill. 570.)

HARRISON, J.—The plaintiff brought this action to recover damages for a trespass committed by the defendant in taking and carrying away certain personal property of the plaintiff. Service of the summons and of a copy of the complaint was made upon the defendant May 18, 1895, and on May 29th its default for failure to

appear was entered by the clerk. June 5, 1895, judgment was entered against the defendant and in favor of the plaintiff for the sum of two thousand dollars. June 7th a motion was made to set aside the default and judgment, on the ground that the same were entered and given "through inadvertence and excusable neglect of the defendant." This motion was denied, and the present appeal is taken from this order and also from the judgment.

1. The court properly refused to set aside the default of the defendant. The facts shown by it in support of the motion indicated inexcusable neglect. The summons and copy of the complaint were served upon its secretary on the 18th of May, and he delivered them to the president of the defendant on the 23d. The president read the papers that day, and observed their date, but, without making any inquiry as to the time when they were served, kept them in his possession until after the default had been entered. He stated at the hearing of the motion that he did not send for his attorney or send the papers to him, but kept them, thinking that his attorney would be in every day, and therefore waited until he should come, and that when he did see him the default had been entered.

2. The judgment was entered by the clerk, and, after stating that the defendant had been regularly served with process, and that its default had been duly entered, further recites: "Upon application of E. P. Cole, Esq., attorney for said plaintiff, to the clerk, judgment is hereby entered against said defendant in pursuance of the prayer of said complaint."

The authority of the clerk to enter judgment, if the defendant fails to answer the complaint, is limited to actions "arising upon contract for the recovery of money or damages only," and in such actions he is authorized to enter judgment "for the amount specified in the summons." (Code Civ. Proc., sec. 585, subd. 1.) The present action is not upon a contract, but is for damages for a trespass, and the summons which was

issued upon the complaint does not specify any sum for which judgment will be entered, but states that "plaintiff will apply to the court for the relief in said complaint demanded." As the judgment was therefore entered by the clerk, without any authority from the court, it is erroneous.

A motion was made, upon suggesting a diminution of the record, to file as a part of the record on the appeal a document purporting to be a judgment entered in the cause September 27, 1895, *nunc pro tunc* as of June 5, 1895, but, as the appeal from the original judgment was made June 19th, the judgment was thereby removed from the superior court, and, while an appeal from a judgment is pending, that court has no power to amend or correct its judgment.

3. The respondent objects to a hearing of the appeal upon the ground that the transcript, instead of containing a certificate of the clerk that the undertaking on appeal is in due form as required by section 953 of the Code of Civil Procedure, contains a copy of the undertaking itself. It appears, however, that upon a motion heretofore made by the respondent to dismiss the appeal, he filed a certificate of the clerk that on the nineteenth day of June, 1895, the defendant appealed from said judgment and order, "and upon said date filed two undertakings on appeal, one on the said appeal from said judgment, and one on the said appeal from said order, both of which undertakings are in due form." An appeal will not be dismissed for a defect in the transcript, if at the hearing of the motion it appear that the defect suggested has been cured. (*Warren* v. *Hopkins*, 110 Cal. 506.) At the time this objection was made the above certificate of the clerk was on file in this court, and, although it had been entered by the clerk under a different number (S. F. No. 206), it was none the less a part of the records of this court in the same appeal, and, upon our attention having been directed to it, is entitled to as much consideration as if it were presented by a new certificate to the same effect.

The judgment is reversed. The order refusing to set aside the default is affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.