BERDIEL, PLAINTIFF AND APPELLEE, *v.* MUNICIPALITY OF ADJUNTAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in An Action of Debt.

No. 1291.—Decided July 24, 1915.

CONTRACT—CONSIDERATION—PRESUMPTION.—According to section 1244 of the Civil Code, a consideration is presumed in all contracts.

ID.—PRESUMPTION—CONSIDERATION.—A consideration is presumed where the contract is alleged in the complaint, although imperfectly, and where there is an averment that the defendant admitted the debt.

ID.—ACKNOWLEDGMENT—CONCLUSION OF LAW.—It is not a conclusion of law to allege in a complaint that the defendant acknowledged the debt in a solemn manner.

ID.—ASSIGNMENT—CONCLUSION OF LAW.—It is not generally a conclusion of law to say that a credit has been assigned.

JUDGMENT BY DEFAULT—DEFECTIVE PLEADING—JUDGMENT.—When a default judgment has been entered the mere defective pleading of an element of the plaintiff's cause of action is not ground for reversal, for if really defective the lack of a more specific averment is cured by the judgment.

ID.—ACTION OF DEBT.—The secretary of a court has the right to enter judgment in an action of debt under section 194 of the Code of Civil Procedure.

ID.—ACTION OF DEBT—INTEREST.—A default judgment entered by the secretary in an action of debt is vague if it does not fix the date from which the interest should run, but that defect cannot affect the defendant for it is

the duty of the plaintiff to make his complaint clear on this point; and when execution is levied he can recover no more than the sum specifically claimed.

The facts are stated in the opinion.

Mr. *Francisco Parra Capó* for the appellant.

Mr. *Luis L. Yordán Dávila* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case there was a judgment by default entered by the Secretary of the District Court of Ponce for failure of defendant to answer after its demurrer was overruled. The appellant alleges that the complaint fails to state a cause of action inasmuch as (1) it does not allege the cause, consideration or origin of the alleged contract, (2) that the obligation of defendant is set forth, if at all, as a conclusion of law, (3) that it is not sufficient to say a person assigned a debt but the facts of the assignment should be set forth, and (4) that the complaint does not set forth that the debt is due. The amended complaint is substantially as follows:

I.

"On February 9, 1903, the Municipality of Adjuntas, the present defendant, in a public and solemn document, acknowledged that it owed to Santiago López the sum of $600.57 and to José L. Sobá the sum of $290, both as obligations of the municipal treasury of Adjuntas unpaid on the said date.

II.

"Santiago López and José L. Sobá assigned to José Berdiel y Corvera their respective claims pending against said Municipality of Adjuntas, the defendant, the credit assigned by Santiago López being $600.57 and that assigned by José L. Sobá $290, or a total of $890.57.

III.

"When the said claims were assigned by Santiago López and José L. Sobá to said José Berdiel y Corvera notice of such assignment was given to the Municipality of Adjuntas, the defendant, and in approving the transfer of the said credits of $600.57 and $290 to José

Berdiel y Corvera the said defendant acknowledged the latter as its direct creditor as to both items, or a total of $890. 57.

### IV.

"By public instrument No. 67 executed in the city of Ponce, P. R., on November 20, 1908, before Notary Carlos F. Chardon, the said José Berdiel Corvera assigned to the plaintiff, Miguel Berdiel y Feliciano, the whole of the aforesaid claim against the Municipality of Adjuntas, amounting to $890.57, together with the interest due and to become due.

### V.

"Notwithstanding the fact that the defendant municipality agreed to make an appropriation to pay the debt which is here sued for and although private endeavors have been made 'to collect the said debt of $890.57 with interest, it is a fact that up to this time the debtor municipality has paid nothing.

### VI.

"As the plaintiff has a good cause of action, he brings this action to enforce his rights in this court, which is the only court of jurisdiction.

"Wherefore, the plaintiff prays that this complaint be entertained and that after due process of law the court render judgment sustaining it and adjudging that the Municipality of Adjuntas, the defendant, pay the total amount claimed, or the sum of $890.57 and interest, together with the costs and disbursements accruing in the action and a reasonable sum as attorney's fees."

The appellee has not aided us with a brief.

With respect to the first point, for every contract a consideration is presumed. Section 1244 of the Civil Code. The contract is admitted, although it is imperfectly described. If the second point of appellant, which shall be discussed later on, is not well taken, it would appear furthermore that the municipality acknowledged that it owed the sum claimed in a certain document. The averment is perhaps not very specific but we agree with the appellee that when a judgment has been entered by default the mere defective statement of an element of the complainant's cause of action is not ground for reversal. *Alexander* v. *Meadow,* 108 Cal. 25. If defective

at all, the lack of more specific averment was cured by the judgment.

The appellant maintains in its second point that to say that the municipality acknowledged that it owed is to state a conclusion of law. Something more is stated, namely, that the municipality acknowledged the debt in solemn form. We think these are current words that any educated layman could understand, and that if a more specific averment of the contents of the document was needed the defendant could have obtained it in the court below.

With regard to the third point, we think it is a statement of fact well understood to say that a debt has been assigned, especially when the objection is made for the first time after judgment.

We also think that it is apparent from the averment of the complaint and especially of the fifth paragraph that the debt is due.

The appellant maintains that the secretary had no right to enter a judgment in this case and certainly not for the amount sued for in the complaint. The right of the secretary to enter judgment for a money demand is clear under section 194, the decisions of this court and of California, with a similar provision in her code. *Hoe & Co.* v. *P. R. Publishing Co.,* 10 P. R. R 165; *Hoffman* v. *Cuadrado,* 19 P. R. R. 104; *Shay* v. *Chicago Clock Co.,* 111 Cal. 549.

We agree with the appellant that the judgment is vague in not fixing the date from which the interest should run, but this defect cannot affect the appellant. It was the business of the complainant to make his complaint clearer in this regard and when execution is sought he can recover no more than the sum clearly set forth. The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.