---

BÉRDIEL, DEMANDANTE Y APELADO, *v.* EL MUNICIPIO DE ADJUNTAS, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre cobro de dinero.

No. 1291.—Resuelto en julio 24, 1915.

CONTRATOS—CAUSA—PRESUNCIÓN.—De acuerdo con el artículo 1244 del Código Civil se presume que existe causa en todo contrato.

ID.—PRESUNCIÓN DE CAUSA—DEMANDA.—En una demanda en que se alega un contrato, aunque imperfectamente, la causa del mismo se presume cuando existe alegación de que el demandado admitió la deuda.

ID.—RECONOCIMIENTO DE LA DEUDA—CONCLUSIÓN LEGAL—ALEGACIONES DE LA DEMANDA.—No es una conclusión legal el expresar en una demanda que el demandado en forma solemne reconoció la deuda.

ID.—CESIÓN DE LA DEUDA—CONCLUSIÓN LEGAL.—Generalmente no es una conclusión de ley el decir que una deuda ha sido cedida.

SENTENCIA EN REBELDÍA—RELACIÓN DEFECTUOSA DE LA CAUSA DE ACCIÓN—REVOCACIÓN DE LA SENTENCIA.—Cuando se ha registrado sentencia en rebeldía, la mera relación defectuosa de un elemento de la causa de acción del demandante no constituye un fundamento de revocación, pues si en verdad es defectuosa la falta de alegación más específica quedó subsanada por la sentencia.

ID.—COBRO DE DINERO.—El secretario de una corte tiene derecho para dictar sentencia en una acción sobre cobro de cantidad de acuerdo con el artículo 194 del Código de Enjuiciamiento Civil.

ID.—COBRO DE DINERO—INTERESES.—Es vaga una sentencia en una acción sobre cobro de dinero registrada por el secretario en rebeldía que no especifica la fecha desde cuándo deban empezar a contarse los intereses, pero ese defecto no puede afectar al demandado, pues corresponde al demandante radicar su demanda de modo terminante en cuanto al particular, y cuando solicita la ejecución él no puede recobrar más de la suma claramente alegada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco Parra Capó.*

Abogado del apelado: *Sr. Luis L. Yordán Dávila.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

En este caso, se dictó una sentencia en rebeldía por el Secretario de la Corte de Distrito de Ponce por no haber formulado su contestación el demandado después de haber sido declaradas sin lugar sus excepciones previas. El apelante alega que la demanda no expresa una causa de acción puesto (1) que no alega la causa, o el origen del contrato alegado, (2) que la obligación del demandado se alega, si así puede considerarse, como una conclusión legal, (3) que no es suficiente con expresar que una persona hizo cesión de un crédito, sino que deben exponerse los hechos relativos a la cesión, y (4) que la demanda no determina que la deuda esté vencida. La demanda enmendada es sustancialmente como sigue:

I.

"Que con fecha nueve de febrero del año mil novecientos tres, el Municipio de Adjuntas ahora demandado en documento público y solemne, reconoció adeudar a Don Santiago López, la cantidad de

seiscientos dólares, cincuenta y siete centavos, y a Don José L. Sobá la suma de doscientos novena dólares, procedentes ambas cantidades de obligaciones del Tesoro Municipal de Adjuntas pendientes de pago en dicha fecha.

## II.

"Que Don Santiago López y Don José L. Sobá, cedieron a Don José Berdiel y Corvera, sus respectivos créditos que tenían pendiente contra dicho Municipio de Adjuntas, ahora demandado, siendo el crédito cedido por Don Santiago López, el mismo que le correspondía ascendente a seiscientos dólares cincuenta y siete centavos y el cedido por Don José L. Sobá al citado Don José Berdiel y Corvera el que también tenía reconocido, montante a doscientos noventa dólares, sumando ambas cantidades cedidas la cantidad de ochocientos noventa dólares, cincuenta y siete centavos.

## III.

"Que al cederse esos créditos por Don Santiago López y Don José L. Sobá al mencionado Don José Berdiel y Corvera se dió conocimiento de dicha cesión al Municipio de Adjuntas aquí demandado; y el citado municipio demandado al aprobar la transferencia de los referidos créditos de seiscientos dólares, cincuenta y siete centavos y doscientos noventa dólares, a favor de Don José Berdiel y Corvera, reconoció a éste como su acreedor directo por ambas partidas que totalizan la cantidad de ochocientos noventa dólares cincuenta y siete centavos.

## IV.

"Que por escritura pública otorgada en esta ciudad de Ponce, P. R., el día veinte de noviembre de mil novecientos ocho, bajo el número sesenta y siete ante el Notario Don Carlos F. Chardón, el mencionado Don José Berdiel y Corvera, cedió a favor del demandante Don Miguel Berdiel y Feliciano la totalidad del crédito contra el Municipio de Adjuntas de que se hace referencia en los hechos precedentes, ascendente a ochocientos noventa dólares, cincuenta y siete centavos, y los intereses devengados y que se devenguen hasta el completo pago.

## V.

"Que no obstante haberse acordado por el municipio demandado consignar en presupuesto la deuda en cuestión, que ahora se reclama, y a pesar de haberse practicado gestiones privadas para obtener el

cobro de la cantidad adeudada ascendente a ochocientos noventa dólares y sus intereses, es lo cierto que hasta la fecha nada ha pagado el municipio deudor.

## VI.

"Que teniendo como tiene el demandante una buena y legítima causa de acción, acude a esa Honorable Corte con la presente demanda para hacer efectivo su derecho, ya que esa Honorable Corte es la única competente.

"Por todo lo expuesto suplico a esa Honorable Corte, se sirva admitir esta demanda, y en su día, previos los trámites legales dictar sentencia declarándola con lugar y condenando al Municipio de Adjuntas, aquí demandado, al pago total de la cantidad reclamada, o sea la suma de ochocientos noventa dólares, cincuenta y siete centavos, más los intereses legales de esa suma hasta el definitivo solvendo, imponiendo además a dicho municipio demandado las costas y desembolsos que se ocasionen por todos conceptos con motivo de esta acción, señalando como honorarios del abogado del demandante una cantidad razonable.   L. Yordán Dávila, abogado del demandante."

El apelado no nos ha ayudado con la presentación de un alegato.

Con respecto a la primera cuestión se presume que existe causa en todo contrato. Artículo 1244 del Código Civil. El contrato ha sido admitido aunque se describe imperfectamente. Si la segunda proposición del apelante que discutiremos más adelante no está bien fundada aparecería además que el municipio reconoció que debía la suma reclamada en cierto documento. La alegación quizás no es muy específica, pero estamos de acuerdo con la alegación del apelado de que cuando se ha registrado sentencia en rebeldía la mera relación defectuosa de un elemento de la causa de acción del demandante no constituye un fundamento de revocación. *Alexander* v. *McDow,* 108 Cal., 25. Si en realidad es defectuosa, la falta de alegación más específica quedó subsanada por la sentencia.

El apelante alega en su segunda proposición que el expresar que el municipio reconoció que debía es establecer una

conclusión legal. Se dice algo más, o sea que el municipio reconoció la deuda en forma solemne. Creemos que estas son palabras corrientes que cualquier persona educada que no es abogado podía entender, y que si era necesaria una alegación más específica del contenido del documento, el demandado pudo haberla obtenido en la corte inferior.

En cuanto a la tercera cuestión creemos que es una exposición de hecho bien entendida decir que un crédito ha sido cedido, especialmente cuando la objeción ha sido formulada por primera vez después de dictada la sentencia.

También creemos que resulta claro de la alegación de la demanda y particularmente del párrafo quinto que la deuda está vencida.

Sostiene el apelante que el secretario no tenía derecho a registrar una sentencia en este caso y especialmente por una suma que no ha sido reclamada en la demanda. El derecho del secretario para dictar sentencia en una acción sobre cobro de cantidad es claro de acuerdo con el artículo 194, las resoluciones de este Tribunal y de California en cuyo Código existe un precepto parecido. *R. H. Hoe & Co.* v. *The Puerto Rico Publishing Co.,* 10 D. P. R., 173; *Hoffman* v. *Cuadrado,* 19 P. R. R., 109; *Shay* v. *Chicago Clock Company,* 111 Cal., 549.

Convenimos con el apelante en que la sentencia es vaga al no especificar la fecha desde cuándo deben empezar a contarse los intereses, pero este defecto no puede afectar al apelante. Era cuestión del demandante redactar su demanda de modo más claro en cuanto al particular y cuando se solicite la ejecución él no puede recobrar más de la suma que claramente ha sido alegada. Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.