CONGRESS CIGAR Co., INC., Plaintiff and Appellee, v. ANGELINA GRAU SANDOVAL ET AL., Defendants and Appellants.

No. 5672. Argued January 25, 1933.—Decided March 15, 1933.

Rehearing denied March 28, 1933.

*Antonio Reyes Delgado* for appellants. *V. Polanco de Jesús* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

This is an action for rescission of a contract in which it is essentially alleged that the defendant, Josefa Sandoval, widow of Grau, is the mother of the other defendant, Angelina Grau Sandoval; that on September 22, 1926, the plaintiff entered into a contract with Josefa Sandoval for advances for the planting and cultivation of tobacco, in which contract the said defendant bound herself to plant and cultivate 20 acres (*cuerdas*) of tobacco land on a plantation belonging to her, and the plaintiff agreed to advance to her up to $1,500, which was to become due and payable on June 30, 1927; that in April, 1927, rain caused great damage on the tobacco plantation of Josefa Sandoval which was financed by the plaintiff, leaving it in such condition that it clearly would not produce enough to satisfy the credit furnished by the plaintiff, and the two defendants, mother and daughter, agreed to defraud the plaintiff, and to this end Josefa Sandoval transferred to her daughter, Angelina Grau Sandoval, all of her property among which was the plantation on which the refaction crop was planted; that the conveyance executed by Josefa Sandoval in favor of her daughter, Angelina Grau, contracted for the rights of joint ownership that Mrs. Sandoval had in said plantation, and showed that the transfer was made in consideration of the sum of $3,000, the vendor stating that she had received $1,000 before the execution of the deed, and the notary attesting that the remaining $2,000 was paid at the time of said execution; that the receipt by Josefa Sandoval of the said sum is false, because she did not receive the $1,000 before the execution of the deed, and that the $2,000 that appeared at the execution was loaned to Angelina Grau Sandoval by relatives and friends for the purpose of simulating a purchase; that the purchaser, Angelina Grau, was insolvent before the date of said acquisition, and in addition, had knowledge of her mother's affairs and knew that the latter was indebted to the plaintiff by reason of the contract

for advances, and that in spite of this fact, lent herself to serve as purchaser in the deed of conveyance; that on June 30, 1927, the contract for advances was liquidated by the plaintiff by agreement with Mrs. Sandoval, a balance of $1,671.06 resulting therefrom in favor of the former who filed a complaint in the District Court of Arecibo and obtained a judgment ordering Josefa Sandoval to pay said sum; that in the crop loan contract entered into by the plaintiff and Josefa Sandoval, Félix Rodríguez appeared as solidary surety, but he was insolvent at the maturity of the contract, and is so at the present time; that the plaintiff has no other remedy available except an action for the rescission of the contract made by Josefa Sandoval, widow of Grau and her daughter, Angelina Grau Sandoval.

The defendants answered said complaint and alleged that the same does not state facts sufficient to constitute a cause of action; this admitted the execution of the crop loan contract by Josefa Sandoval and the plaintiff, as well as its extension, but denied the simulation of a transfer of the property of the defendant, Josefa Sandoval to her daughter, Angelina Grau, or that the latter had knowledge of the fact that her mother was indebted to the plaintiff, alleging on the contrary, that Miss Grau Sandoval actually paid the sums stated in the deed of May 10, 1927, for the property in litigation.

The District Court of Arecibo rendered judgment rescinding the contract of sale to which the complaint refers, and adjudged the defendants to pay the costs, without including attorney's fees. It is urged by the defendants and appellants that the lower court erred in overruling the demurrer. In this case an action for rescission of contract was filed in accordance with the third paragraph of section 1258 of the Civil Code, which provides that contracts in fraud of creditors may be rescinded when the latter cannot recover, in any other manner, what is due them. In the case of *Suc. of Almazán* v. *López et al.*, 20 P.R.R. 502, this Court held that in

an action of this character it must be alleged that the defendant is actually a debtor of the plaintiff; that the defendant conveyed his property in fraud of his creditor; that the plaintiff has been injured by such conveyance; and that the plaintiff has no other legal remedy available than an action for the rescission of the contract of alienation.

The appellants call attention to certain allegations of the complaint that, in their opinion, involve legal conclusions or inferences. Emphasis is laid upon the use of the word insolvency which, in the opinion of the appellants, is a conclusion, and it is said that the insolvency of the defendant, Josefa Sandoval, and of her surety, Félix Rodríguez, has not been properly alleged. Section 1261 of our Civil Code provides that the action for rescission is ancillary and may not be exercised except in the absence of all other legal remedies. The Supreme Court of Spain has decided that if section 1294, equivalent to 1261 of our code, characterizes the rescissory action as ancillary, it is not because it lacks the condition of a principal action subsisting by itself and independent of any other that would have to be brought previously, but in the sense that the text itself gives, because it can not be exercised when the injured party has available another legal remedy (Judgment of November 9, 1901). The exercise of this action is subject to the existence of property in the possession of the debtor or his surety, although, as Manresa says, "these obstacles to the rescissory action cease to be such when the properties or securities manifestly do not suffice for the satisfaction of the credit claimed." "The reality of the damage," the same commentator continues, "is judged by the inability to pay, which is not absolute, as we shall explain upon determining the meaning of the word insolvency in regard to the following section." Manresa said this in commenting upon section 1291 of the Spanish Civil Code, and in commenting upon the following section he says that "insolvency is not poverty, nor is it opposed to the ostentation of which the debtor may boast, nor is it incompatible with the conserva-

tion by the latter of recognized resources if, after the conveyances or payments have been made, said resources are manifestly insufficient in relation to the obligations of the interested party." 8 Manresa, p. 697.

In the instant case, it is alleged in the complaint that Josefa Sandoval, in agreement with her daughter and with the intention to defraud the plaintiff and appear insolvent, transferred to said daughter all of her property located within the district of Morovis. Our opinion is that this averment is sufficient to show the insolvency of the defendant, Josefa Sandoval. As to her surety, Félix Rodríguez, it is alleged that he was insolvent on the date of the maturity of the contract, and that he is insolvent at present, and that the plaintiff has no other remedy for the collection of its debt than the rescission of said contract. The appellants sustain that this is a mere conclusion, and that facts showing the insolvency of the defendant, Josefa Sandoval, and of her surety, should have been alleged. The word "insolvency" reveals a condition that cannot escape the understanding of any person of normal intelligence.

In the case of *Lammert* v. *Stockings,* 61 N.E. 945, 946, decided by the Supreme Court of Indiana, the allegation that the debtor was wholly insolvent was considered as sufficient without the usual further averment that he has and had no property subject to execution. In that case the court said:

". . . The further allegation is that Fred Lammert was insolvent after the conveyance and when suit was begun. It has been held for a long time that an allegation to the effect that the debtor did not have at the date of the conveyance, nor has he since had, nor does he now have, sufficient other property subject to execution to pay his debts, or any part thereof, is a sufficient averment of insolvency. Insolvency is the ultimate fact in issue, and the absence of property subject to execution shows the condition to exist. . . The averment that the debtor was wholly insolvent is therefore sufficient, without the usual further averment that he has and had no property subject to execution, etc. If there were any doubt as to the correctness of this holding, it is removed by reference to a class of analogous

cases. . . The allegation that the maker of a promissory note was wholly insolvent has always been recognized as a proper averment of fact in actions against indorsers. . . The rule is firmly established that an allegation to the effect that the. debtor had and has no property subject to execution is sufficient in actions to set aside fraudulent conveyances. Insolvency may be thus averred, or it may be averred in terms, as is here done.''

In the case of *Grunsfeld Bros.* v. *Brownell,* 76 Pac. 310, the Supreme Court of New Mexico said:

''The eighth section of the complaint alleges 'that the defendant D. R. Brownell is insolvent,' and it seems to us that this is an allegation that he (Brownell) did not own property enough to pay his debts. The term 'insolvency,' as used in bankruptcy and insolvency laws, means the inability of a person to pay his debts as they mature in the ordinary course of business; but, as used in a general sense, it means a substantial excess of a person's liabilities over the fair cash value of his property.''

In the case of *Tainter* v. *Broderick Land & Investment Co.,* 171 Pac. 679, decided by the Supreme Court of California, it was held that an allegation that the defendant is insolvent refers to the time when the action was filed, and does not show insolvency at the time of the conveyance. ''There is no allegation,'' says the court, ''that Dudley was insolvent or was in danger of insolvency at the time of the conveyance.'' It is clear that the court considered an allegation that the debtor was insolvent at the time of the conveyance as sufficient.

In the present case it was alleged that the surety, Félix Rodríguez, was on the date of the maturity of the contract, and still is, insolvent. The complaint, in our opinion, states facts sufficient to constitute a cause of action, and for this reason the lower court did not err in dismissing the demurrer.

That question having been disposed of, let us consider the assignment, that the lower court erred in admitting the judgment by default entered by the clerk of the District Court of Arecibo, in the case of Congress Cigar Co., Inc., v. Josefa Sandoval and Félix Rodríguez Hernández. In addition to

the judgment, the plaintiff offered in evidence the complaint which served as a basis for that judgment. In that case, the defendants were adjudged to pay the plaintiff the sum of $1,671.06 and $300 for legal interest, costs, and attorney's fees. The defendants objected, and in noting their exception to the admission of the judgment by default, they stated that according to the complaint, and to the contracts offered in evidence, this was not a suit in which a judgment by default could be entered, as it dealt with a question that would inevitably have to be submitted to the court for liquidation. The attorney for the appellants maintains that a judgment by default may be entered by the clerk only when there is a liquidated sum involved. Counsel for the plaintiff argues in opposition, that the defendants have not denied the allegation of the complaint which states that the plaintiff liquidated the refaction contract by agreement with the defendant, Josefa Sandoval, the latter remaining indebted for the sum of $1,671.06. The truth is that this allegation is not denied in the answer to the complaint, and that the silence of the defendants would be sufficient to establish the fact of the liquidation, if the plaintiff itself had not offered evidence to destroy its own allegation and clearly show, in removing all doubt, its correctness.

In the present action, the plaintiff alleges that the contract was liquidated on June 30, 1927, and in the complaint that was filed in the District Court of Arecibo on October 13, 1927, and that terminated by a default judgment entered by the clerk of the court, said plaintiff alleges that on June 30, 1927, and on other occasions previous to that date, it had summoned the defendant to liquidate the contract for advances, and to deduct the value of the tobacco delivered from the sum advanced, and that said defendant has refused to liquidate in this way, as well as to pay any resulting balance in favor of the plaintiff or any other sum on account. It is alleged that payment was also demanded from the surety, Félix Rodríguez, and it is prayed that judgment be rendered

ordering the defendants to, jointly and severally, proceed to liquidate the said contracts with the plaintiff, and to pay said plaintiff the sum of $1,671.06 which they still owe him. In addition to this documentary evidence, the testimony by the plaintiff shows that the contract was not liquidated by agreement with the defendant, Josefa Sandoval. Hermenegildo Colón, an employee of the plaintiff, stated that in his capacity as agent or inspector of the plaintiff's plantations, he took steps to have Josefa Sandoval liquidate the tobacco, and once went to her for her signature to the liquidation, and the defendant answered that her son took care of that, and that he asked her a second time to sign the liquidation and she refused, saying that it was not correct. He added that Doña Josefa was not satisfied and that the liquidation was not signed.

It is sufficient to read the complaint filed by the plaintiff against Josefa Sandoval and Félix Rodríguez Hernández to reach the conclusion that the clerk of the court exceeded his authority in entering a judgment by default.

In the fourth allegation of said complaint the following was stated:

"That the plaintiff punctually fulfilled the obligations of both contracts, advancing to the defendant, Josefa Sandoval, the sums that she needed in compliance with the terms of both contracts; and that said defendant, Josefa Sandoval, fulfilled the contract in part by delivering the following tobacco: 2,566 pounds of boliche, 1,449 pounds of stalk, 447 pounds of scrap, 1,615 pounds of damaged tobacco less 5% for loss from shrinkage. Which tobacco is in the warehouse of the company for its appraisal in order to apply its proceeds to the contract for advances."

The plaintiff by its allegation admits that Josefa Sandoval has turned over a quantity of tobacco of which the value must be determined in order to apply the proceeds to the crop loan contract. Later, by the fifth allegation of said complaint, the defendant is shown to have been summoned for the liquidation of the contract and for application of the

value of the tobacco, which at present prices amounts to $688.19, to the payment of the sum advanced. In no part of the complaint is it alleged that the price of the tobacco had been agreed upon, nor that any payment on account was made by agreement with the defendant; on the contrary, it is asserted that the latter has refused to liquidate the contract. By virtue of the default, Josefa Sandoval accepted the execu- tion of the contract made with the plaintiff and alleged in the complaint. She also accepted the allegation that the tobacco was in the warehouse for its appraisal, but she did not accept the value assigned to said tobacco by the plain- tiff. In this case the judgment should have been rendered by the court and not by the clerk whose functions are purely ministerial.

In the case of *Benítez et al.* v. *District Court*, 36 P.R.R. 408, this Court cited with approval the case of *Landwehr* v. *Gillete*, 174 Cal. 654, and copied paragraphs of the opinion delivered by the Supreme Court of California, which com- ments upon subdivision 1 of section 585 of the Code of Civil Procedure of said State, equivalent to subdivision 1 of sec- tion 194 of our code. As the Supreme Court of California so aptly says in this case, although the wording of subdi- vision 1 of section 585 of the Code of Civil Procedure of Cali- fornia is sufficiently ample and authorizes the clerk to enter judgment after having noted the default of the defendant in an action arising upon a contract for the recovery of money or damages only, what it means, however, is that the con- tract, in order to justify the exercise of such authority by the clerk upon noting the default, be, by its own terms as alleged, for the recovery of a fixed sum in money or damages. Said court adds that it must appear from the contract, as alleged, that a fixed or liquidated sum must be paid as dam- ages; a sum that is definitely fixed by the contract, or that can be determined, according to the allegations of the com- plaint, by mere mathematical calculations made by the clerk.

When such is the case, the clerk, in entering the judgment, acts only in his ministerial capacity.

Bancroft says in Volume III, p. 2376, of his work ''Code Practice and Remedies'';

''In view of the purely ministerial character of the clerk's authority, these provisions should be construed to apply to contracts which, as alleged, call for the payment of some fixed and definite sum in money or damages. The amount must be definitely fixed by the contract as alleged, or its terms must provide the means whereby a certain calculation may be made by the clerk without resort to extrinsic evidence. The clerk may act alone under such statutes in cases in which an exact computation may be made from the data so furnished or the damages are liquidated and certain.

''But in all other cases, where the contract is indefinite and uncertain in the amount recoverable and the damages are unliquidated, the judicial action of the court is necessary, in harmony with the statutory provision to that effect. In such actions the clerk enters the default of the defendant, but the plaintiff must apply to the court for the relief demanded in the complaint. This is true of actions for the reasonable value of goods sold or services rendered. In an action upon a note providing for a 'reasonable' attorney's fee the uncertainty inhering in the contract requires judicial action and cannot be evaded merely by alleging what constitutes a reasonable fee, though if the contract itself fixes the amount of the fee the clerk may enter the default judgment.''

In the instant case, it is the plaintiff itself that offers evidence that there was no liquidation. The tobacco delivered by Josefa Sandoval has not yet been appraised. The plaintiff itself admits this when, according to its complaint, it summoned her in for the liquidation and for the appraisal. We do not know what the value of the said tobacco is, and in the absence of agreement between the parties, or of a judicial determination, the final result of the account after liquidation cannot be anticipated. The plaintiff and appellee has not established itself as a creditor of the defendant, Josefa Sandoval, in order that the right of action may arise as provided by section 1258 of the Civil Code. Up to the present time the action seems premature. It is to be noted,

that in the judgment entered by the clerk, $300 is fixed for legal interest, costs, and fees of the attorney for the plaintiff. We have examined the contract for advances entered into by the Congress Cigar Co., Inc., and Josefa Sandoval, widow of Grau, and we have found nothing therein regarding to the attorney's fees which the defendant has been adjudged to pay. We have also examined the complaint on which a judgment by default was entered, and it mentions the attorney's fees only in the prayer, wherein it is requested that the defendant be adjudged to pay a certain sum with legal interest thereon, costs, and attorney's fees.

The lower court, in admitting the judgment by default in evidence over the objection of the defendant, stated that a judgment may not be collaterally attacked. The fact that the clerk had no authority to enter the judgment appears from the face of the complaint presented in evidence by the plaintiff itself. In the case of *Soliri* v. *Fasso,* 185 Pac. 322, the Supreme Court of Montana, commenting upon a judgment entered by the clerk in excess of his authority, said the following:

"Section 6719, subd. 1, of the Revised Codes, provides:

" 'In an action arising upon contract for the recovery of money or damages only, if no answer, demurrer, . . . has been filed with the clerk, . . . the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the complaint,' etc.

"An examination of this statute leads to the conclusion that the clerk, in entering judgment thereunder, acts ministerially and not judicially, and must determine from the allegations of the complaint alone whether the action is one upon contract for the recovery of money or damages only, and, if not, then he has no authority to enter a judgment therein, and if he mistakes the judgment is a nullity. *McDonald* v. *Mayor,* 55 Pac. 600; *Crossman* v. *Vivienda W. Co.,* 136 Cal. 571, 69 Pac. 220; *Shay* v. *Chicago C. Co.,* 111 Cal. 549, 44 Pac. 237, and cases there cited.

"An action for the foreclosure of a lien is not an action on contract for the recovery of money or damages only. Conceding that under the authority of *Missoula Lumber Co.* v. *O'Donnell,* 24 Mont.

65, 60 Pac. 594, 991, and other decisions of this court, a lien claimant may waive his lien and take judgment in the proper cases for money only, the entry of judgment by the clerk alone, without an order of the court, might in effect amount to a dismissal of the action as to the remaining defendants, without any direction from plaintiff, or might at least constitute a bar to further proceedings therein. The rendition of a proper judgment under these circumstances required, not the performance of a mere ministerial function, but judicial action. However, the language of the statute is clear, and, in actions where something other than the relief provided for therein is demanded the clerk is without jurisdiction to enter judgment. *State ex rel. Reeser* v. *Dist. Court,* 53 Mont. 235, 163 Pac. 1149.

"The judgment entered, being beyond the clerk's jurisdiction, was a mere nullity and may be set aside. *State. ex rel. Smith* v. *District Court,* 55 Mont. 602, 179 Pac. 831. 'When a void judgment is called to the attention of a court in which it was entered, it is incumbent upon that tribunal to purge its records of the nullity by cancelling the entry.' *Hodgdon* v. *Goodspeed,* 60 Or. 1, 118 Pac. 167. Being void, it would not constitute a waiver or estoppel against the plaintiff of his cause of action upon the lien. *Finlen* v. *Heinze,* 27 Mont. 107, 69 Pac. 829, 70 Pac. 517."

In the case of *Crossman* v. *Vivienda Water Co.,* 136 Cal. 575, the Supreme Court of California said:

". . . It would be an extraordinary stretch of the power given the clerk to hold that he could enter a default judgment for an amount to which plaintiff confessedly may not be entitled. A judgment void upon its fact is one that appears to be void by an inspection of the judgment-roll. (*People* v. *Harrison,* 84 Cal. 607.) This excess of power exercised by the clerk appears on the face of the record and renders the judgment void; and so appearing it may be reached by motion (*People* v. *Thomas,* 101 Cal. 571); especially as in such a case as this, where the action is pending and has not been brought to trial and the motion is by a party to the action."

The nullity of the judgment entered by the clerk of the District Court of Arecibo appears from the face of the judgment roll. The complaint shows clearly that said official exceeded his authority, which is purely ministerial.

The judgment appealed from must be reversed and another judgment rendered instead in favor of the appellants, without costs.

### ON MOTION FOR REHEARING

March 28, 1933.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

In its motion for rehearing, the plaintiff says that we have reversed the judgment appealed from because the contract for advances entered into between the plaintiff and the defendant, Josefa Sandoval, was not liquidated; that we have considered a case that was not on appeal before us; that we have not given full faith and effect to the admissions of the parties which appear from the complaint and from the testimony introduced; that we have reversed the judgment principally on the basis of the admission of a document, when other evidence appears of record to uphold the judgment appealed from; and that we have permitted a collateral attack against the judgment by saying that the grounds for nullity arose from the judgment roll itself, when the only evidence of such judgment roll is the complaint filed and the judgment itself. These are the errors that the plaintiff, the Congress Cigar Co., Inc., assigns.

The attorney for the plaintiff does not correctly interpret the judgment of this Court. We have decided that the plaintiff has not established itself as a creditor of the defendant, Josefa Sandoval. In order that an action for the rescission of a contract in fraud of creditors may succeed, the plaintiff must prove itself to be a creditor. In this case the only proof that has been presented is a complaint that forms part of the judgment roll, and a judgment by default entered by the clerk of the lower court in excess of his authority. The plaintiff had the opportunity to prove itself a creditor without the necessity of a previous judicial pronouncement, which he could have obtained in this same suit. It failed to do this, but limited itself to presenting a judgment by default which is null and void, and which has no value as evidence.

The plaintiff says that we have considered a case that was not on appeal before this Court. We have confined ourselves to an examination of the evidence presented by the plaintiff itself to establish its status as a creditor. This evidence, which is reduced to a judgment by default accompanied by the complaint that served it as a basis, shows clearly that the clerk did not have authority to enter such pronouncement, and we so held. In said complaint the Congress Cigar Co. admits that the tobacco has not yet been appraised, and that the account has not been liquidated. This is an admission of the interested party itself which in addition has been independently proved by its own witnesses. The price that the plaintiff may have set out in that complaint that has not been legally adjudicated, does not bind Josefa Sandoval nor can it be taken into consideration by us.

The plaintiff, in an effort to show that there is evidence in the record to sustain the judgment appealed from, copies a part of the testimony of Félix Rodríguez, its own witness, where he stated that the contract was not liquidated and that he knows that Josefa Sandoval remained indebted to the Congress Cigar Company because the tobacco was not sufficient to cover the debt. This is a conclusion of the witness, who, at the same time, stated that the account was not liquidated. The plaintiff also copies part of the testimony of its witness and employee, Reinaldo Silva, who stated that in a conversation with Josefa Sandoval, when the question of the debt came up, the latter stated that she was insolvent, and could not secure anything because she had nothing with which to secure, and that the plantation did not belong to her because she had sold it to her daughter, and that she was insolvent.

This is the evidence upon which the plaintiff relies to prove its status as a creditor. We do not agree. The contract for advances has not been liquidated; the tobacco delivered has not been appraised; and it is impossible to determine a price in the absence of evidence. The plaintiff rests solely on the

judgment by default which has no value as evidence, and which cannot show that said plaintiff is a creditor of Josefa Sandoval. This Court cannot establish conclusions that are not justified by the evidence.

For the reasons stated the motion for reconsideration must be denied.